UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHANIEL WILLIAMS,<br><br>Plaintiff,<br>v.<br>WILLIAM GITTERE, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-00282-MMD-CBC<br><br>ORDER |

On April 26, 2019, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), filed a motion for leave to file a third amended civil rights complaint and a third amended complaint ("TAC") pursuant to 42 U.S.C. § 1983. (ECF Nos. 15, 17.) On May 10, 2019, the Court granted his motion for leave to file a TAC and issued a screening order on Plaintiff's TAC. (ECF No. 19.)

The Court allowed Plaintiff to proceed on the following claims: (1) Count I: deliberate indifference to serious medical needs (dental) claim against Defendants Carillo, Oliver, Howell, Williams, Gentry, Gang, and Does, once Plaintiff learns their identities; (2) Counts II and V: due process claim against Defendants Carillo, Nurse Dustin, Thompson, and Does, once Plaintiff learns their identities; (3) Count III: deliberate indifference to serious medical needs claim against Defendants Oliver, Howell, Nurse Dustin, Carillo, Psych Herbert, Psych Bonnie, Psych Leon, Gang, Thompson, Reubart, Gittere, and Does, once Plaintiff learns their identities; (4) Count III: excessive force claim against Defendant Doe, once Plaintiff learns his/her identity; (5) Count IV: retaliation claim against Defendants Carillo and Does, once Plaintiff learns their identities; (6) Count VI: conditions of confinement claim against Defendants Williams and Does, once Plaintiff learns their identities; (7) Count VII: state law battery claim against Defendants Carillo

and Nurse Dustin; and (8) Count IX: access to courts claim against Defendant Doe, once Plaintiff learns his/her identity. (*Id.* at 24–25.)

Before the Court is Plaintiff's motion to alter or amend the judgment and for reconsideration and motion for leave to file motion.[1] (ECF Nos. 20, 21.) A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

In his motion, Plaintiff asks that the Court exercise its supplemental jurisdiction over his Count VIII intentional deprivation claim. In his Count VIII claim, Plaintiff alleged an intentional deprivation of property claim against Defendants Green, Howell, Oliver, Gang, and Does related to property that was taken, destroyed, or was missing after Plaintiff was transferred to another facility. (ECF No. 17 at 38.)

Upon reviewing Plaintiff's motion for reconsideration and TAC, the Court finds that this state law claim may proceed based on supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Accordingly, Plaintiff's Count VIII state law intentional deprivation of property claim will proceed against Defendants Green, Howell, Oliver, Gang, and Does, once Plaintiff learns their identities.

---

[1] Plaintiff's Motion for Leave of Court to File Motion and For Submittal (ECF No. 21) is granted.

2

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 20) is granted.

It is further ordered that Plaintiff's motion for leave to file (ECF No. 21) is granted.

It is further ordered that in light of the motion for reconsideration, and the screening order on the TAC, the following claims will proceed:

- Count I, alleging deliberate indifference to serious medical needs (dental) against Defendants Carillo, Oliver, Howell, Williams, Gentry, Gang, and Does, once Plaintiff learns their identities;
- Counts II and V, alleging a due process violation against Defendants Carillo, Nurse Dustin, Thompson, and Does, once Plaintiff learns their identities;
- Count III, alleging deliberate indifference to serious medical needs against Defendants Oliver, Howell, Nurse Dustin, Carillo, Psych Herbert, Psych Bonnie, Psych Leon, Gang, Thompson, Reubart, Gittere, and Does, once Plaintiff learns their identities;
- Count III, alleging excessive force against Defendant Doe, once Plaintiff learns his/her identity;
- Count IV, alleging retaliation against Defendants Carillo and Does, once Plaintiff learns their identities;
- Count VI, alleging conditions of confinement violations against Defendants Williams and Does, once Plaintiff learns their identities;
- Count VII, alleging a state law battery claim against Defendants Carillo and Nurse Dustin;
- Count VIII, alleging a state law intentional deprivation of property claim against Defendants Green, Howell, Oliver, Gang, and Does, once Plaintiff learns their identities; and
- Count IX, alleging an access to courts violation against Defendant Doe, once Plaintiff learns his/her identity.

It is further ordered that the Clerk of the Court will electronically serve a copy of this order and a copy of Plaintiff's TAC (ECF No. 17) on the Office of the Attorney General of the State of Nevada.

It is further ordered that the deadlines set forth in this Court's screening order on the TAC (ECF No. 19) will remain in full effect.

It is further ordered that if the parties need an extension of time to meet any of the deadlines imposed in this Court's screening order (ECF No. 19), they may file a motion for extension of time.

DATED THIS 21st day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE