UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATHANIEL WILLIAMS,

        Plaintiff,

v.

WILLIAM GITTERE, *et al.*,

        Defendants.

Case No. 3:18-cv-00282-MMD-CBC

ORDER

## I. DISCUSSION

On May 10, 2019, this Court entered a 30-page screening order on Plaintiff's third amended complaint ("TAC"). (ECF No. 19.) The Court stayed the case and permitted the case to proceed to mediation. (*Id.*) On May 16, 2019, Plaintiff filed a motion for reconsideration on the screening order. (ECF No. 20.) The Court granted the motion and reiterated which claims were proceeding to mediation. (ECF No. 22.) The screening order stated that during the stay, "no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so." (ECF No. 19 at 26.) The parties participated in an early mediation conference on October 22, 2019 but did not settle. (ECF Nos. 55, 56.) The Court now grants the application to proceed *in forma pauperis* (ECF No. 1) and moves this case onto the normal litigation track.

On August 8, 2019 and October 4, 2019, Plaintiff filed motions to substitute the true names of the Doe defendants. (ECF Nos. 29, 53, 54.)

On August 8, 2019, Plaintiff filed a 23-page motion for reconsideration on the screening order on the TAC. (ECF No. 30.) On August 12, 2019, Plaintiff filed a 108-page motion for reconsideration on the screening order on the TAC. (ECF No. 31, 31-1.) On August 16, 2019, Plaintiff filed a 19-page motion for reconsideration on the screening order on the TAC. (ECF No. 34.)

The Court now addresses the motions for reconsideration and the motions to substitute.

**A.     Motions for Reconsideration (ECF Nos. 30, 31, 34)**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motions for reconsideration of the screening order because the Court already granted Plaintiff's motion to reconsider the screening order. (*See* ECF No. 22.) The Court will not entertain successive motions for reconsideration, particularly after granting the first motion for reconsideration. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets . . . .").). Plaintiff is reminded, however, that the Court views the allegations in the TAC in the light most favorable to Plaintiff and takes all allegations as true during the screening process. The Court found that Plaintiff failed to state a claim in certain circumstances and/or dismissed certain Defendants from the TAC without prejudice because Plaintiff did not allege sufficient allegations to state colorable claims. The Court notes that Plaintiff's TAC is not the model of clarity and that it did liberally construe Plaintiff's allegations and claims.

**B.     Motions to Substitute (ECF Nos. 29, 53, 54)**

In the screening order for the TAC, the Court permitted several Doe defendants to proceed and told Plaintiff that he could move to substitute the true names of Doe defendants or move to amend the complaint to assert the claims against Doe defendants. (ECF No. 19 at 4 n.4.) The Court now grants the motions to substitute the true names of

Doe defendants (ECF Nos. 29, 53, 54). The Clerk of the Court will add Michael Minev, Harold Wickham, Bonnie, J. Herbert, Dustin, Dr. Racoma, Frank Dreesen, and Green as Defendants to this case. They are substituted into the case as outlined in Plaintiff's motion at ECF No. 29.

## II.     CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2). Plaintiff has paid a partial filing fee of $95.67 (ECF No. 3) in this case.

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Nathaniel Williams, #90540), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court also will send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk of the Court will electronically serve a copy of this order and a copy of Plaintiff's third amended complaint (ECF No. 17) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

1    It is further ordered that subject to the findings of the screening order, follow-up
2    order, and this order (ECF Nos. 19, 22), within 21 days of the date of entry of this order,
3    the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the
4    names of the defendants for whom it accepts service; (b) the names of the defendants
5    for whom it does not accept service, and (c) the names of the defendants for whom it is
6    filing the last-known-address information under seal. As to any of the named defendants
7    for whom the Attorney General's Office cannot accept service, the Office must file, under
8    seal (but must not serve the inmate Plaintiff) the last known address(es) of those
9    defendant(s) for whom it has such information. If the last known address of the
10   defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and
11   provide the last known physical address(es).

12   It is further ordered that if service cannot be accepted for any of the named
13   defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting
14   issuance of a summons, and specifying a full name and address for the defendant(s). For
15   the defendant(s) as to which the Attorney General has not provided last-known-address
16   information, Plaintiff must provide the full name and address for the defendant(s).

17   It is further ordered that if the Attorney General accepts service of process for any
18   named defendant(s), such defendant(s) must file and serve an answer or other response
19   to the third amended complaint (ECF No. 17) within 60 days from the date of this order.

20   It is further ordered that Plaintiff must serve upon defendant(s) or, if an appearance
21   has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or
22   other document submitted for consideration by the Court. Plaintiff must include with the
23   original document submitted for filing a certificate stating the date that a true and correct
24   copy of the document was mailed or electronically filed to the defendants or counsel for
25   the defendants. If counsel has entered a notice of appearance, Plaintiff must direct
26   service to the individual attorney named in the notice of appearance, at the physical or
27   electronic address stated therein. The Court may disregard any document received by a
28   district judge or magistrate judge which has not been filed with the Clerk, and any

document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

It is further ordered that this case is no longer stayed.

It is further ordered that the successive motions for reconsideration (ECF Nos. 30, 31, 34) are denied.

It is further ordered that the motions to substitute are granted (ECF Nos. 29, 53, 54). The Clerk of the Court will add Michael Minev, Harold Wickham, Bonnie, J. Herbert, Dustin, Dr. Racoma, Frank Dreesen, and Green to the docket as Defendants in this case. These Defendants are substituted into the counts as set forth in ECF No. 29.

DATED THIS 25th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE