1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATHANIEL WILLIAMS,

                    Plaintiff,

    v.

DARREN SPIECE, *et al.*,

                    Defendants.

Case No. 3:19-cv-00176-MMD-CLB

ORDER

11  **I.   SUMMARY**

12        Plaintiff Nathaniel Williams, currently incarcerated and in the custody of the Nevada

13  Department of Corrections ("NDOC"), has filed a motion for leave to file a fourth amended

14  complaint ("FAC") (ECF No. 29), along with the proposed FAC (ECF No. 29-1), and a

15  motion for leave to file a longer than standard FAC (ECF No. 30). Williams alleges

16  Fourteenth Amendment due process, First Amendment retaliation, Eight Amendment

17  cruel and unusual punishment, and Fourteenth Amendment equal protection violations

18  against multiple Defendants for events that took place while Williams was in the custody

19  of the NDOC. (ECF No. 29-1.) Before the Court is the Report and Recommendation (ECF

20  No. 34 ("R&R" or "Recommendation")) of United States Magistrate Judge Carla L. Baldwin.

21  The R&R recommends the Court grant Williams' motion for leave to file the FAC and

22  motion for longer than standard FAC. The R&R also recommends the Court dismiss with

23  prejudice Counts I, II, III, IV, and VI and dismiss without prejudice Count V of the FAC.

24  (*Id.*) Williams timely filed his objection to the R&R.[1] (ECF No. 37 ("Objection").) Because

25

26            [1]Good cause appearing, Defendants' motion to extend time (second request) (ECF
27  No. 42) for response to Williams' Objection is granted from March 30, 2021 to March 31, 2021. The Court will therefore consider Defendants' response. (ECF No. 43.) Williams'
28  objection to the response (ECF No. 44) will be stricken because LR IB 3-2 (a) does not permit a reply to be filed without leave of court.

the Court agrees with Judge Baldwin, and as further explained below, the Court overrules Williams' Objection and will adopt the R&R.

## II.    BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF Nos. 34 at 1-2, 4-7.)

## III.    LEGAL STANDARD

### A.    Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Williams' Objection to the R&R, the Court has undertaken a *de novo* review.

Further, the Court incorporates by reference the Judge Baldwin's screening standard and adopts it here. (ECF No. 34 at 2-4.)

## IV.    DISCUSSION

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R. The Court will address each claim in turn.

### A.    Fourteenth Amendment Due Process

Judge Baldwin recommends Count I's due process claim be dismissed with prejudice because Williams does not adequately allege a liberty interest in that good time credits only affect his parole eligibility dates and his maximum sentence would not change, therefore he cannot state a procedural or substantive due process claim. (ECF No. 34 at 7-9.)

Williams argues that Judge Baldwin's recommendation is erroneous because his parole dates do not move therefore "the only thing impacted by a loss of good/work/stat time is my mandatory & expiration dates, not parole eligibility…" (ECF No. 37 at 11.)

Assuming, as Williams asserts, that the punishment affects the fact of confinement or its duration, if the defendant deprived the plaintiff of good time credits that affect the expiration date of his sentence, he may not use a § 1983 action to pursue claims that explicitly or implicitly challenge the loss of good time credits *unless* another court already has invalidated the disciplinary decision that revoked the good time credits. *Edwards v. Balisok*, 520 U.S. 641, 646-49 (1997). Thus, if Williams wishes to pursue a claim in this action explicitly or implicitly challenging the loss of good time credits, he must allege facts sufficient to show that another court already has invalidated the loss of good time credits. Williams has not done so even in the FAC. Thus, the claim is dismissed without prejudice.

## B.    First Amendment Retaliation

Judge Baldwin recommends that Counts II, III, and IV First Amendment retaliation claims be dismissed because Williams' fails to state a colorable First Amendment claim. (ECF No. 34 at 9-10.) The Court agrees.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2004). "A viable § 1983 claim of retaliation for engaging in activity protected by the First Amendment in the prison context involves the following elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing *Rhodes*, 408 F.3d at 567-68)).

Thus, to state a retaliation claim, the plaintiff must allege facts sufficient to show that a particular defendant engaged in adverse conduct and was aware of the plaintiff's protected conduct and that the particular protected conduct provided that particular defendant with a retaliatory motive; mere speculation is insufficient. *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995). While timing can sometimes provide circumstantial evidence of retaliatory intent, retaliation is not established simply by showing adverse

activity after the occurrence of protected speech, but rather a plaintiff must show a connection between the two events. *Husky v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000); *Pratt,* 65 F.3d at 808 ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights); *Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013).

As to Count II, the Court agrees that Williams fails to state a colorable First Amendment retaliation claim. Williams asserts that the retaliatory conduct—"aggressive intimidating [] vindictive comments" (ECF No. 29-1 at 27)—was the result of him being found not guilty of disciplinary charges related to a diluted urine sample. (ECF No. 34 at 10.) But, verbal harassment or abuse is insufficiently adverse to support a retaliation claim. *See Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (citations omitted). Further, the vindictive behavior asserted was the result of Williams being found not guilty of disciplinary charges, and not any protected conduct. Thus, the Court adopts the Recommendation as to Count II and dismisses the claim.

The Court additionally adopts the Recommendation dismissing Count III because Williams' allegation regarding retaliation by Carrillo is vague and conclusory. (ECF No. 34 at 10.) Specifically, Williams fails to detail how the adverse action—a finding of guilt for a "dirty UA"—was taken "because of" his protected conduct—filing grievance and complaints. (ECF No. 29-1 at 6-7.) Rather, he simply concludes that he was denied due process "because of [his] complaints…" (*Id.*) Therefore, the Court adopts the Recommendation and dismisses the claim.

The Court additionally adopts the Recommendation as to Count IV (ECF No. 34 at 10-11) and dismisses the claim because Williams' allegation that his transfer to Ely State Prison was in retaliation for protected conduct is vague and conclusory. The Court is not convinced, as Williams argues in his Objection, that he clearly detailed and supported how

the transfer to Ely was in retaliation for protected conduct. (ECF No. 29-1 at 20.)[2] Williams fails to detail who was involved in this action, does not explain when they became aware of the protected conduct—filing of complaints—or connect these alleged adverse actions to his protected conduct. The Recommendation is therefore adopted as to Count IV and the claim is dismissed with prejudice as Williams was given leave to amend this claim but has failed to cure the deficiencies of the allegations supporting this claim.

### C.    Eight Amendment Cruel and Unusual Punishment

Judge Baldwin next recommends that Count V Eighth Amendment deliberate indifference to serious medical needs claim be dismissed without prejudice and consolidated with his deliberate indifference to serious medical needs claim in *Williams v. Gittere, et. al.,* Case No. 3:18-cv-00282-MMD-CLB ECF No. 88 (D. Nev. Feb. 13, 2020) ("Case 3:18-cv-00282") (ECF No. 34 at 12-13.)

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he or she acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

Williams objects, arguing that Count V is not a deliberate indifference to serious medical needs claim as that in Case 3:18-cv-00282 but "completely separate claims and a separate allegation." (ECF No. 37 at 6.)

---

[2]Williams initially argues that he was "housed at 'Ely' as retaliation, punishing [him] for [his] complaints and in attempt to silence and child [his] 1st Amendment practices." ECF No. 29-1 at 20.)

1    As Judge Baldwin notes in her Recommendation, when a court has "'duplicative

2    suits contemporaneously pending on its docket,'" it can "consolidate both actions

3    depending on the circumstances of the case." (ECF No. 34 at 12 (citing *Adams v. Cal.*

4    *Dep't of Health servs.,* 487 F.3d 684, 688 (9th Cir. 2007); Fed. R. Civ. Proc. 42(a)

5    (permitting the court to consolidate actions that are "before the court" and "involve a

6    common question of law or fact.")).)[3] Here, the Court continues to construe Williams'

7    Eighth Amendment claim as a deliberate indifference to serious medical needs claim.[4]

8    Thus, both cases involve the same question of law. Further, both cases arise out of a

9    common set of operative facts. While the FAC alleges a couple new facts not previously

10   pled in Case 3:18-cv-00282—claims of being prevented from purchasing allergy

11   medication for a sinus infection and purchasing "antacids, laxatives, etc." for stomach

12   issues and a bloody stool—the Court ultimately agrees with Judge Baldwin that "the

13   actions largely assert the same alleged violations of rights and will involve substantially

14   the same evidence in addition to asserting such claims against similar defendants." (ECF

15   No. 34 at 12.) In fact, in his FAC, Williams repeatedly refers to Case 3:18-cv-00282 as

16   further evidence of the facts proffered to support his claim. (ECF No. 29-1 at 41-44.) Thus,

17   the Court will adopt the Recommendation as to Count V and dismiss the claim and

18   consolidate it with his deliberate indifference to serious medical needs claim in case 3:18-

19   cv-00282-MMD-CLB.

20       **D.    Fourteenth Amendment Equal Protection**

21       Judge Baldwin further recommends that Count VI equal protection claim be

22   dismissed with prejudice. (ECF No. 34 at 13.) The Court agrees. In the Court's prior

23   screening order (ECF No. 27), Williams' equal protection claim was dismissed without

24   prejudice, and Williams was directed to allege specific facts demonstrating he was treated

---

[3]*See also* LR 42-1(a) (citing Fed. R. Civ. P. 42(a)).

[4]In screening the Third Amended Complaint the Court construed Williams' Eighth Amendment claim—the same pled here in the FAC—as a deliberate indifference to a serious medical need claim. (ECF No. 27 at 10.)

differently than other similarly situated individuals (ECF No. 27 at 8.) The Court finds that Williams still fails to state specific facts, as directed. Rather, the FAC only contains conclusory allegations and provides no specific facts showing that he was treated differently than other similarly situated individuals. Thus, the Court adopts the Recommendation as to Count VI and dismisses the claim with prejudice.

## V.    CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 34) is accepted and adopted.

It is further ordered that Williams' motion for leave to file the FAC (ECF No. 29) and motion for leave to file longer than standard FAC (ECF No. 30) are granted.

It is further ordered that the FAC (ECF No. 29-1) be dismissed with prejudice as to Counts II, III, IV, and VI.

It is further ordered that Count I be dismissed without prejudice.

It is further ordered that Count V be dismissed without prejudice so Williams may consolidate the deliberate indifference to medical needs claim with that in Case No. 3:18-cv-00282-MMD-CLB.

It is further ordered that Defendants' motion to extend time (ECF No. 42) is granted nunc pro tunc.

It is further ordered that Williams' objection to Defendants' response (ECF No. 44) be stricken.

It is further ordered that Williams' "Motion to Convert ECF No. 29-44 to Summary Judgment" (ECF No. 47) is denied.

DATED THIS 27th Day of April 2021.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

7